# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DEVON DWAYNE JONES,

     Plaintiff,

v.                                           Case No. 8:25-cv-3384-TPB-AEP

EXPERIAN INFORMATION
SOLUTIONS, INC., et al.,

     Defendants.

_____/

## ORDER GRANTING IN PART DEFENDANT
## AUSTIN CAPITAL'S MOTION TO DISMISS

This case is before the Court on "Defendant Austin Capital Bank's Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law," filed on January 8, 2026.  (Doc. 21).  On January 28, 2026, Plaintiff Devon Dwayne Jones, who is proceeding *pro se*, filed a response in opposition.  (Doc. 27).  Upon review of the motion, response, court file, and record, the Court finds as follows:

## Background[1]

This case arises from alleged errors in a consumer credit report.  Plaintiff is an account holder with Defendant Austin Capital Bank SSB, and on an unspecified date, he discovered what he believes are errors on the tradeline related to his

---

[1] The Court accepts as true the facts alleged in Plaintiff's complaint for purposes of ruling on the pending motion to dismiss.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").  The Court is not required to accept as true any legal conclusions couched as factual allegations.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

payment history.  Specifically, Plaintiff claims that the late payment data on his tradeline is inaccurate because the alleged delinquency resulted from an auto-pay failure rather than missed payments, and that he promptly cured the issue and requested correction of the payment history and removal of any derogatory marks. Plaintiff claims that Austin Capital failed to conduct a reasonable investigation and failed to re-report his tradeline to the credit reporting agencies accurately.

On December 11, 2025, Plaintiff filed the instant lawsuit against three different defendants, including Austin Capital.  In Count III, Plaintiff asserts a claim pursuant to 15 U.S.C. § 1681s-2(b) against Austin Capital and another Defendant.  Austin Capital has moved to dismiss the claim for lack of personal jurisdiction; the other two Defendants filed answers.

## **Legal Standard**

A plaintiff must allege in the complaint facts that if true would establish a *prima facie* case for personal jurisdiction over a defendant.  *United Tech. Corp. v. Mazer*, 556 F.3d 1260, 1275 (11th Cir. 2009).  Pleading a *prima facie* case requires the plaintiff to allege sufficient facts "to support a reasonable inference that the defendant can be subjected to jurisdiction within the state."  *Bracewell v. Nicholson Air Services, Inc.,* 680 F.2d 103, 104 (11th Cir. 1982).

When a defendant challenges jurisdiction and supports its position by affidavit, the burden shifts to the plaintiff to establish jurisdiction by affidavits or other competent proof.  *Id.; see also Polskie Linie Oceaniczne v. Seasafe Transport A/S,* 795 F.2d 968, 972 (11th Cir. 1986).  Where no evidentiary hearing is held, the

plaintiff's burden is to establish a *prima facie* case of personal jurisdiction, that is, a case that would withstand a motion for directed verdict. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

<u>Analysis</u>

To determine whether it has personal jurisdiction over a nonresident defendant, a Court must engage in a two-part inquiry. *See Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). First, the Court must determine under state law whether the forum state's long-arm statute provides a basis for personal jurisdiction. *See id.* If it does, then the Court must determine whether the assertion of jurisdiction would be consistent with the Due Process Clause of the Fourteenth Amendment. *See id.* Due process requires that the defendant have contacts with the forum state by which the defendant purposefully availed itself of the privilege of conducting activities in the state, that the plaintiff's action arise from or relate to those contacts such that the defendant should reasonably anticipate being haled into court there, and that the assertion of jurisdiction be consistent with "fair play and substantial justice." *Id.* at 630-31.

In the complaint, Plaintiff does not appear to allege any basis for personal jurisdiction over Austin Capital whatsoever.  He does not cite to any provision of Florida's long-arm statute that would authorize jurisdiction, and he does not assert any facts that would establish jurisdiction.[2]  He therefore fails to allege a *prima facie* case of personal jurisdiction.   But the Court will not dismiss with prejudice at this time.

Plaintiff will be given the opportunity to amend to state a *prima facie* case for personal jurisdiction over Austin Capital, if he may do so in good faith.  But for the benefit of the *pro se* Plaintiff, the Court notes that it appears Plaintiff has quite a challenge to overcome.  As explained in Austin Capital's affidavit, *Austin Capital is a Texas bank headquartered in Austin, Texas*, and its only presence outside of Texas is a location in Iowa.  Austin Capital has no offices in Florida.  Austin Capital does not maintain a registered agent in Florida.  Austin Capital does not carry on, operate, conduct, or engage in business in Florida.  Austin Capital does not own, use, possess, or hold a mortgage or other lien on any real property in Florida related to Plaintiff's tradeline.  The reporting and investigation into Plaintiff's tradeline was performed by individuals in Texas.  Based on this information, it does not appear that there is any basis for either general jurisdiction or specific jurisdiction over this Defendant.  But, in an abundance of caution, Plaintiff will be permitted to file an amended complaint.

---

[2] Florida's long-arm statute provides a basis for courts to exercise what is known as "specific jurisdiction" over foreign persons that commit any act listed in § 48.193(1)(a), *F.S.*, as long as the plaintiff's claim arises out of or relates to that Florida-specific conduct.  The Court must additionally consider purposeful availment, relatedness, and fairness.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1.  "Defendant Austin Capital Bank's Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law" (Doc. 21) is **GRANTED IN PART** and **DENIED IN PART**, as set forth herein.

2.  Plaintiff's complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an amended complaint on or before February 24, 2026, to cure the deficiencies identified in this Order.  Failure to file an amended complaint as directed will result in this Order becoming a final judgment.  *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

3.  Upon the filing of an amended complaint, all Defendants shall respond to the amended complaint in accordance with Rule 15(a)(3) of the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 3rd day of February, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE